NATIONAL SURETY CORPORATION, A CORPORATION, PLAINTIFF-RESPONDENT, v. CHARLES H. CLEMENT, DEFENDANT-APPELLANT.

Submitted February 16, 1945—Decided April 19, 1945.

For the plaintiff-respondent, *Glickenhaus & Glickenhaus* (*Hugo Woerner*, of counsel).

For the defendant-appellant, *Chandless, Weller & Kramer* (*Ralph W. Chandless*, of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.   This is defendant's appeal from a summary judgment entered against him after his answer was struck out by the learned trial judge.   The complaint

avers: that the plaintiff, surety company, on April 25th, 1941. executed its bond to a partnership known as Kaplan Brothers, which obligated it to indemnify the partners against any loss arising out of larceny, embezzlement, misappropriation, willful misapplication, or other dishonest act by one or more of its employees; that while said bond was in effect the partnership employed the defendant as a salesman and that subsequently he received for the account of the partnership the sum of $2,500 which he appropriated to his own use; that the plaintiff, surety company, made good this loss to the partnership. Further, that the defendant, prior to the delivery of the said bond to the partners, executed an indemnity agreement with the surety company in which he agreed to compensate it for any loss it might sustain in his behalf, in consequence of having written the bond in question. It also alleges that it paid a claim, filed by the Kaplan Brothers in the amount of $2,500, which sum defendant had received for the account of Kaplan Brothers, but which sum defendant had converted to his own use; that the defendant has not reimbursed the surety company and demand is made for the amount due.

An answer was filed in which, among other things, the defendant pleaded that he had no knowledge that the surety company had entered into bond with the said partners to indemnify them against loss as the complaint alleged; and that he had no knowledge that the said bond was in force and effect. He denied he was an employee but asserted that he was a partner. He denied the misappropriation of the sum specified; denied that the surety company had reimbursed the partnership and said further that if he executed any indemnity agreement it was not applicable to the several allegations of the complaint; and he further denied the truth of the plaintiff's allegation that he, the defendant, had not paid the surety company the said sum of $2,500. Under the head of affirmative defenses he pleaded that he and Kaplan Brothers had entered into a partnership arrangement as a result of which they were indebted to him in large sums of money for which they failed to account and, further, that he had filed a bill in the Court of Chancery against Kaplan

Brothers for an accounting which suit he says was "terminated by agreement between the parties."

The answer was challenged on the ground that it was frivolous "in that it did not set forth a defense to the said action." Accompanying the notice which was served on counsel for the defendant was an affidavit of the vice-president of the plaintiff corporation which contained a complete, particularized verification of each and every material allegation in the complaint as well as this statement: "The defendant did not request the plaintiff to litigate the claim (i. e., the claim of Kaplan Brothers v. the bonding company) nor did he deposit or offer to deposit with plaintiff collateral satisfactory to it in kind and amount." The significance of this averment in the affidavit will presently appear. Attached to the affidavit was defendant's application for a fidelity bond, in which an agreement of indemnification was contained, signed by the defendant on April 24th, 1941, one day prior to the date of the surety company's bond in favor of Kaplan Brothers. Therein the defendant stated that he was an employee of Kaplan Brothers. The answers made by him to questions on the application for bond disclosed his financial worth, his domestic situation, and the names of certain persons as references. The last part of this application contained the indemnity agreement with the surety. By its provisions, among other things, the surety was given the right to adjust, settle or compromise any claim under the bond unless the applicant requested the surety to litigate such claim, in which event the applicant was obliged to deposit with the surety collateral satisfactory to it in kind and amount. That this agreement was executed by the defendant is not questioned. As a matter of fact, no answering proof was advanced by him.

The court determined that the defendant's answer "unsupported by affidavit, * * * is insufficient in law" and it was struck out. In the appeal certain objections against the order made by the learned trial judge are urged, to this effect; that the answer was not frivolous; that the court should not have entertained the plaintiff's motion; that it was without jurisdiction to strike the defendant's "answer as sham on plaintiff's motion that it was frivolous;" further, that the

court gave judgment on a cause of action different from that pleaded in the complaint and, finally, that the court denied opportunity to "plead to and defend the cause of action on which the judgment was entered."

We find no merit in any of these contentions. It is true that the answer was attacked as "frivolous in that it does not set forth a defense to said action  *  *  *," and it is also true that the order of the court striking down the answer characterized it as "insufficient in law" which, in the statutory connotation, imports the quality of "frivolous," *R. S.* 2:27–124. But the statute, *R. S.* 2:27–363, also ordains that a judgment shall not be reversed for misdirection  *  *  * or for error as to matters of pleading or procedure, unless after examination of the whole case, it appears that the error injuriously affected the substantial rights of a party. We must be concerned with the propriety of the judicial action, not the soundness of the reason which prompted it. *McCarthy* v. *West Hoboken*, 93 *N. J. L.* 247. The essential thing was the striking out the answer not that it was done for such and such a reason. *National Surety Co.* v. *Mulligan*, 105 *Id.* 336. There is a superabundance of authority for this principle. On this challenge to the answer the appellant was entirely informed of the reasons that would be presented to the trial court in demonstration of its lack of merit. All of this was set forth in precise detail in the affidavit, the bond application, and the indemnity agreement attached to the notice of motion. It is not said that opportunity was denied the defendant to meet the facts thus advanced. The efficacy of the judgment should not be impaired so long as it appears that the answer was in fact sham and that opportunity to meet this issue was not denied the defendant. *Fidelity Union Trust Co.* v. *Decker, &c., et al.,* 106 *Id.* 132.

It is next said that it was error on the part of the court to entertain the plaintiff's motion. The argument is that the alleged infirmity of the answer was not expressed in the motion in the language of the statute. It is true that the statutory language was not used. As a matter of good practice the words of the statute should be used. But it cannot be argued with any show of substance that the appellant was

surprised or deceived by the technical deficiency of the plaintiff's notice of motion. The affidavit and the exhibit attached fully exposed the infirmity of the answer. Compare *Fidelity Union Co.* v. *Decker, supra.* See *Holdman* v. *Tansey,* 107 *N. J. L.* 378 (affirming 8 *N. J. Mis. R.* 73); *Sculthorpe* v. *Commonwealth Casualty Co.,* 98 *N. J. L.* 845. The plaintiff's action was one to recover on a liquidated demand arising upon express contract and in that situation, under our practice, an answer may be struck out and judgment final may be entered upon motion and affidavit unless the defendant, by affidavit or other proofs, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend (Supreme Court rule 80). In this case nothing was interposed that would entitle the appellant to defend and there is no contention to the contrary. Nor was the action of the trial court in striking out the answer tantamount to a denial of an opportunity to plead. Striking out a sham or frivolous plea is not an infringement of the right of trial by jury. A plea of general issue, although it denies the entire claim of the plaintiff and apparently raises a question of fact, is not protected for that reason against a motion to strike out, if found to be false. *Coykendall* v. *Robinson,* 39 *Id.* 98; *Eisele & King* v. *Raphael,* 90 *Id.* 219, 223; *Wittemann* v. *Giele,* 99 *Id.* 478.

One other point should be mentioned. In support of the argument that the court was without jurisdiction to strike the answer as sham when the plaintiff's motion charged that it was frivolous, the statute, *R. S.* 2:27–114, is invoked, which provided: "The notice of a motion to strike out any pleading or any part thereof shall contain a particular statement of the defects in or objections to such pleading on which the party giving the notice intends to rely, and matters not specified in the notice shall not be considered upon the hearing."

It has always been the law of this state that the power of the court to strike out improper pleadings is inherent in the court and is not a creature of statute; *Cf. Allen* v. *Wheeler,* 21 *N. J. L.* 93; this power was exercised by courts at common law; further, since the power existed before the formation of our constitution, a statute cannot defeat it. *Coyken-*

*dall* v. *Robinson, supra.* Therefore the circumstance that the statute, *supra,* indicates that defective pleadings are to be struck out on notice, and therefore presumably on motion, imports no effective limitation upon the power frequently exercised by the court in plain cases, to strike out of its own motion a pleading that is manifestly improper. *Mount Pleasant Cemetery Co.* v. *Erie Railroad,* 74 *N. J. L.* 100, 104. Finally, the answer in the instant case was manifestly improper and in the light of the unchallenged proof it was right to strike it out.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, FREUND, JJ. 14.

*For reversal*—HEHER, J. 1.